UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNADETTE KIMBROUGH,

    Plaintiff,

v.

ENCORE LLC, et al.,

    Defendant.

_____/

Case No. 23-11289
Hon. Denise Page Hood

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO 12(b)(6) [ECF NO. 16]

### I.    INTRODUCTION

Now, before the Court is Defendant, Galaxy Portfolios LLC's ("Galaxy") motion to dismiss Plaintiff's, Bernadette Kimbrough, Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [ECF No. 16]. Plaintiff has not filed a response. On November 3, 2023, the Court gave notice to all parties that it would be making a determination on Galaxy's motion without oral argument. [ECF No. 20].

### II.    BACKGROUND

On May 31, 2023, Plaintiff filed a complaint against Encore LLC, Square 2, LLC, and Galaxy Portfolios Worldwide, and Worldwide Asset Purchasing. [ECF No. 1, PageID.2-3]. Summons were returned executed by Galaxy and Worldwide

Asset Purchasing.[1] To date, it does not appear that Square 2 LLC or Encore LLC have been served.

Plaintiff asserts that her claims involve at least one federal question based on credit card fraud and the False Claims Act (31 U.S.C. §§ 3729-3733). *Id*. at PageID.3-4. In her statement of claim, Plaintiff alleges that she has been paying for a credit card fraud for twenty-two years. *Id*. at PageID.5. It appears that a Chase credit card was opened in Plaintiff's name around 2002. *Id*. The account remained open and active through December 8, 2006. *Id*. at PageID.39. After that time, no further payments were made on the account and Chase took steps towards collecting on the debt.

In or around March of 2007, Plaintiff's debt was allegedly sold to Worldwide Asset Purchasing LLC and later to Galaxy. *Id*. at PageID.5. Since that time, the Lloyd & McDaniel law firm located in Troy, Michigan, has been taking action to collect the debt on behalf of Galaxy. *Id*. at PageID.12. As attorney Michael Beach explained to the Attorney Grievance Commission, the office received the account from Galaxy in 2007 for an unpaid Chase Credit card. *Id*. The office sent a demand letter to Plaintiff to which she did not respond. *Id*. Suit was filed, and Plaintiff was personally served shortly thereafter. *Id*. Upon Plaintiff's failure to respond to the

---

[1] Worldwide Asset Purchasing has not filed a responsive pleading to Plaintiff's Complaint.

complaint, the court entered an order of default judgment, and the firm began taking steps to collect the debt through various unsuccessful garnishments. *Id*. The firm's debt collection efforts have been ongoing since the judgment of default was entered in 2007 and renewed in 2017. *Id*. at PageID.13. In 2018, the firm successfully garnished Plaintiff's 2018 income tax refund. *Id*. Plaintiff objected to the garnishment and moved to have the judgment set aside which the court denied. *Id*.

Plaintiff alleges that the credit card is fraudulent. *Id*. at PageID.5. Plaintiff has attached documentation from Chase to Plaintiff showing that an investigation concluded that she is not responsible for the account. *Id*. at PageID.10. She has also included an ex parte motion to set aside the judgment against her signed by Lloyd & McDaniel and dated May 5, 2023. *Id*. at PageID.17. Plaintiff has filed unsuccessful objections and suits prior to the judgment being set aside. *Id*. at PageID.13. Plaintiff seeks damages for fraud and violations of the False Claims Act which appears to be regarding garnished sums of money related to collection efforts by Galaxy.

Galaxy argues that Plaintiff's claims should be dismissed because "she makes general and vague statements with no description of any actionable conduct." [ECF No. 16, PageID.99]. Furthermore, Galaxy argues that there are several theories under which Plaintiff's claims may be dismissed: (1) The statute of limitations has expired, (2) Plaintiff's fraud claim is insufficient to satisfy rule 9(b), (3) Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine, and (4) Plaintiff's claims are barred by the

Petition Clause and the *Noerr-Pennington* Doctrine. [ECF No. 16]. Galaxy brings its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### III.  ANALYSIS

A motion brought pursuant to FRCP 12(b)(6) "challenges the legal theory of the complaint, not the sufficiency of any evidence which may be discovered." *In re Gainey Corp.*, 481 B.R. 264 (B.A.P. 6th Cir. 2012). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Nor will complaints including naked assertions without factual enhancements. *Id*.

In order to survive a motion to dismiss, plaintiffs must plead enough factual allegations to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. For purposes of a motion to dismiss, Courts "must take all of the factual

allegations in the complaint as true." *Iqbal*, 556 U.S. at 678. However, Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.

### A. Statute of Limitations

Plaintiff's claims are time-barred. MCL 600.5813 prescribes the statute of limitations for fraud as six years. Plaintiff claims that her claims arose in or around 2007. This case was brought in 2022. Plaintiff cites no reason for the delay. Therefore, Plaintiff's claims are denied.

### B. False Claims Act

The False Claims Act is an "anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003). This statute "imposes liability on a person who 'knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.'" *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008) *quoting* 31 U.S.C. § 3729(a)(2). A claim under this Act has several elements. *Id*. Summarily, the defendant must have made a false statement or created a false record and done so with actual knowledge, deliberate ignorance, or reckless disregard for the truth or falsity of information, submitted a claim for payment to the federal government, made the statement or record for the purpose of

getting a false or fraudulent claim paid or approved by the federal government, and the false statement or record must have been material to the government's decision to make the payment. *Id*. at 505.

Claims made under the False Claims Act are essentially fraud claims subject to the heightened pleading standard enumerated in Fed.R.Civ.P.9(b). *Id*. at 503. Therefore, a plaintiff alleging violations of the False Claims Act must "allege the time, place, and content of the alleged misrepresentation … the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Moreover, "a complaint alleges sufficient facts to survive a motion to dismiss when the plaintiff states with particularity the circumstances constituting fraud or mistake." 532 F.3d at 503 (internal quotation marks omitted).

Plaintiff has failed to satisfy the pleading standards of both FRCP 8 and 9(b). The Complaint makes no mention of Galaxy knowingly or recklessly procuring any judgment or garnishment related to the Chase Credit card. Plaintiff alleges that the Chase credit card was issued 2007. However, the documents she provides show that Chase did not deem the card/activity connected thereto as fraudulent until September 27, 2022. [ECF No. 1, PageID.8-10]. Plaintiff complains about actions taken by Galaxy to collect on the balance owed on the fraudulent credit card. Nevertheless, the documents provided by Plaintiff show that all actions taken by Galaxy, through the Lloyd & McDaniel firm, were done prior to Chase's acknowledgement that

6

Plaintiff was not responsible for the card on September 27, 2022. *Id*. at PageID.11-13. Therefore, Plaintiff has not shown that Galaxy knowingly or recklessly pursued any judgments or garnishments against Plaintiff in furtherance of collecting on the debt owed to their client.

Even if Galaxy did pursue the judgments or garnishments against Plaintiff with actual knowledge, deliberate ignorance, or reckless disregard for the truth or falsity of information, Plaintiff's claims would still fail because the False Claims Act prohibits individuals from making false records for the purpose of getting a false or fraudulent claim paid or approved by the federal government. *U.S. ex rel. SNAPP, Inc.*, 532 F.3d at 504. The petitions made by Galaxy were made for the purpose of securing judgments against Plaintiff who was the namesake of the credit card account in question. Furthermore, the judgment obtained against Plaintiff in connection with this matter was a default judgment where Plaintiff failed to respond to the 2007 complaint against her, which was later renewed in 2017. [ECF No. 16, PageID.99].

The FCA allows private citizens to bring lawsuits alleging FCA violations on behalf of the government. 31 U.S.C. § 3730(b). The private citizen, or relator, must first serve the complaint upon the government which remains under seal for sixty days, giving the government time to decide if it wants to intervene or allow the relator to proceed on its behalf. *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342

F.3d 634, 640 (6th Cir. 2003). Nevertheless, the relator cannot allege publicly disclosed information unless they are the original source of the information. *Id*.

Plaintiff has failed to plead facts sufficient to support a claim of fraud or a violation of the FCA. The Court need not address Defendant's further arguments. Defendant's motion to dismiss is GRANTED.

### IV. CONCLUSION/ORDER

In light of the foregoing,

IT IS SO ORDERED that Defendant Galaxy Portfolios LLC's Motion to Dismiss is GRANTED.

SO ORDERED.

s/Denise Page Hood_____<br>
Denise Page Hood<br>
United States District Judge

Dated: September 30, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on September 30, 2024, by electronic and/or ordinary mail.